Thompson et al., Appellants, v. Hauer, Appellee.

(No. 11428—Decided October 4, 1971.)

*Miss Antoinette J. Navarra* and *Mr. Stephen W. Young,* for appellants.
*Messrs. McCaslin, Imbus & McCaslin,* for appellee.

YOUNG, J. This is an appeal on questions of law from a judgment entered upon a jury verdict in favor of the plaintiffs, appellants herein, in the Court of Common Pleas of Hamilton County, Ohio, against the defendant, appellee herein.

It is undisputed that one of the plaintiffs, Lura Thompson, was operating a motor vehicle which was struck by a motor vehicle operated by the defendant; that such plaintiff was making a turn on a green light and that defendant entered the intersection on a red light.

It is also undisputed that Lura Thompson had been injured on various prior occasions and had drawn sick pay and workmen's compensation as a result of the prior injuries.

The first assignment of error is that the trial court refused to give a special charge before argument instructing the jury that any amount of earnings found to have been lost should not be diminished by payments made to her from accumulated sick leave.

The second assignment of error is that the trial court refused to include in its general charge, although requested by plaintiffs, a statement that sick leave pay received by Lura Thompson should not be deducted from her earnings lost by reason of her injuries.

The third assignment of error is that the trial court refused to sustain plaintiffs' objection to defendant's final argument that Lura Thompson has not lost any earnings because she was paid.

The payroll records relating to Lura Thompson were admitted into evidence and the reverse side of the cards contained a record of her sick leave and showed that she had been paid "sick leave pay" during the time she was off due to the injuries alleged to have been sustained in the accident which was the subject of this action.

The trial court was in error in each instance. *Pryor* v. *Webber*, 23 Ohio St. 2d 104; *Rigney* v. *Cincinnati St. Ry. Co.*, 99 Ohio App. 105; and the recent case of *Roberts* v. *Bohn*, 26 Ohio App. 2d 50, have held that a tort-feasor may not have the damage resulting from his wrong reduced by

the amount of payments such party may have received as "sick leave pay" while off work due to the injuries caused by the tort-feasor.

The fourth assignment of error is that the trial court permitted counsel for the defendant to cross-examine plaintiffs' medical experts, over objection, regarding certain articles reflecting on statistical studies of the recovery rate of persons receiving neck and back injuries.

The Court finds that the fourth assignment of error is not well taken for the reason that the record does not adequately support this claim of error.

The fifth assignment of error is that the trial court refused to sustain plaintiffs' objection to defendant's use in final argument of the statistical data referred to in the fourth assignment of error.

The Court finds the fifth assignment of error to be well taken for the reason that the trial court permitted counsel for the defendant to quote in his final argument, over the objection of counsel for the plaintiffs, from articles the contents of which were not in evidence in the case and had not been substantiated by any witness for either party.

The sixth assignment of error is that the trial court refused to direct a verdict in favor of the plaintiffs on the issue of the liability of the defendant.

The Court finds the sixth assignment of error well taken for the reason that the record discloses that plaintiff Lura Thompson testified that she entered the intersection on a green or "go" light while defendant, who was the only other witness to testify to the condition existing immediately prior to and at the time of the collision, testified that he was looking at a construction job and did not deny the light was red or "stop" in the direction in which he was traveling when he entered the intersection. If defendant did enter the intersection on a red light and struck the plaintiffs' car, he was negligent as a matter of law and the jury should have been so instructed.

The seventh and eighth assignments of error relate to the refusal of the trial court to give the special charge re-

lating to the claimed loss of consortium by plaintiff Frank Thompson and the trial court's statement in the instructions to the jury that such claim was eliminated from consideration by the jury.

An examination of plaintiffs' petition discloses that Frank Thompson claimed a loss of consortium and the bill of exceptions demonstrates that evidence was received on the trial of this cause relating to such claim. The trial court erred in refusing to give the requested special charge on this issue and in instructing the jury that this claim was eliminated from the consideration of the jury as a matter of law.

The ninth assignment of error is that the trial court improperly sustained an objection to a question put to an expert witness, Dr. Theodore Gabe, licensed as a chiropractor and mechanotherapist, as to any complaints related to him by Lura Thompson prior to the treatment given her by such witness.

It is undisputed that the license granted to a chiropractor or a mechanotherapist by the state medical board is a limited license; nevertheless, such licensees are permitted to examine and treat persons seeking their services. It would be completely illogical to hold that such practitioners could not inquire as to the complaints of the prospective patient. Only in this way could it be determined whether or not the condition is one which such practitioner is authorized to treat. It would naturally follow that if that doctor is to testify as to the course of treatment given that he also be permitted to testify as to his findings on an examination of the patient and a medical history given him by said patient. The ninth assignment of error, therefore, is well taken.

The tenth assignment of error is that the trial court permitted the records of the Bureau of Workmen's Compensation of the state of Ohio to be admitted into evidence.

The trial court was confronted by testimony that plaintiff Lura Thompson had been injured on more than one occasion prior to the incident which gave rise to this action, and that she had received treatment for such prior

injuries both prior to and during the treatment for the injuries claimed in this action.

An examination of the record discloses that the records of the Bureau of Workmen's Compensation were proper matters for the consideration of the jury and that this assignment of error is not well taken.

The eleventh assignment of error is that the trial court erred by interjecting statements concerning the reliability and reputation of two medical witnesses who testified for the defendant.

Counsel briefed this assignment but did not urge it in oral argument. An examination of the record convinces this Court that the remarks complained of could well have had a bearing upon the jury's determination of the credibility of these witnesses and the weight to be accorded to their opinions and, therefore, should not have been made in the presence of the jury. However, since this assignment is not urged by the plaintiffs, the Court will not rule thereon.

The judgment of the Court of Common Pleas of Hamilton County, Ohio, will be reversed and this cause remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

HESS, P. J., and SHANNON, J., concur.